William L. Buus (SBN 180059)
*wbuus@buuslaw.com*
BUUS LAW GROUP APC
3 Pointe Drive, Suite 110
Brea, CA 92821
Telephone:  (949) 825-6140
Facsimile:  (949) 825-6141

Attorneys for Plaintiff
SHOWTECH MERCHANDISING, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOWTECH MERCHANDISING, INC., | ) Case No.: |
| | ) |
| | ) COMPLAINT |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| VARIOUS JOHN DOES, JANE DOES and ABC COMPANY, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, by its attorneys William L. Buus and Jules D. Zalon, alleges the following for its complaint against the defendants herein.

1.      Plaintiff is a corporation duly organized under the laws of the Province of Ontario, Canada.

2.      Upon information and belief, the defendants, Various John Does and Jane Does are residents of, or are or will be present in Los Angeles, California and are or will be subject to the jurisdiction of this Court.  The identity of the Various John Does and Jane Does is not presently known and the complaint will be amended to include the name or names of said individual(s) when identified.

3.      Upon information and belief, defendant ABC Company, through its agents, servants and employees, is or will be present in Los Angeles, California

1

COMPLAINT

and is or will be subject to the jurisdiction of this Court.  The identity of ABC Company is not presently known and the complaint will be amended to include the name of the actual company when identified.

4.     The causes and separate counts set forth hereinbelow arise under the trademark laws of the United States, Title 15 U.S.C. 1051 et seq, as well as the common law of this state and jurisdiction and venue are founded upon Title 15 U.S.C. 1051 et seq., Title 28 U.S.C. 1331, 2201 and 2202.

**AS AND FOR A FIRST COUNT FOR**

**<u>VIOLATION OF 15 U.S.C. 1125(a)</u>**

5.     Geddy Lee and Alex Lifeson  are the surviving original members of the legendary rock group Rush (the "Group"), the third member – drummer Neil Peart – having died in 2020. Since  in or about 1974, Rush has achieved great renown and reputation throughout the world.

6.     Pursuant to exclusive licensing agreements, Rush has authorized the recording and distribution of its performances and the sale of such records has been phenomenal.  Sales of long playing records containing their performances run into the millions of units and its most recent long playing record album was one of the most popular records in the country, as reported by the major trade publications.

7.     Rush is about to commence a world-wide concert tour, appearing at scores of playdates, most of which will be sold out, and their concerts scheduled for the Kia Forum in Los Angeles, California on June 7 through 13, 2026 are virtually certain to be sold out.

8.     Due to this incredible success, Rush has regularly received financially lucrative offers to license its name and likeness for use on a variety of products. However, upon information and belief it has been careful to limit such merchandising activities only to products of the highest quality and pursuant to arrangements by which it maintains complete control over the manner in which its name and likenesses are represented.  In such way, it maintains and fosters an

2

COMPLAINT

image in keeping with the high regard in which it is held throughout the popular music world.

9.    Plaintiff has obtained from Rush the exclusive right to market articles of clothing and other merchandise bearing the name RUSH and the likenesses of the group Rush, in connection with the group's world-wide tour and to license such rights to third parties.

10.    Pursuant to such arrangement and prior licensing agreements entered into by the Group, goods bearing the said RUSH name have been distributed widely throughout the United States, and many hundreds of thousands of T-shirts bearing said name, for example, have already been sold or otherwise distributed. As a result of said sales and distribution under such mark, the mark has developed and now possesses a secondary and distinctive meaning to purchasers of such articles, including T-shirts.

11.    From June 7th through June 13th, series of concerts will be held at the Kia Forum in Los Angeles, California at which Rush will be the featured performers.  Thereafter, they shall perform concert engagements in scores of other cities throughout the United States and elsewhere in the world.

12.    Based upon the plaintiff's experience in the selling of concert tour merchandise at similar concerts and performances throughout the country, it is virtually certain that before, during and after the said concerts in the vicinity of the arenas at which the group shall perform, the defendants will attempt to distribute and sell unauthorized, imitation and inferior bootleg merchandise bearing the name and likenesses of Rush. Defendants' said merchandise is of the same general nature and type as plaintiff's merchandise, and said goods are so related that defendant's use is likely to cause confusion among purchasers.  The use of said name and likenesses by the defendants is without the permission or authority of plaintiff and said use by the defendants is likely to cause confusion, to cause mistake and to deceive.

3

COMPLAINT

13.     The said infringing merchandise of the defendants being of inferior quality, the sale thereof will be damaging to the reputation which plaintiff has developed in connection with its sale of authentic merchandise.

14.     The individual defendants are numerous independent unlicensed peddlers who will be selling their imitation and inferior merchandise outside the confines of the arenas at which the group will be performing, in violation of plaintiff's exclusive license agreement and will be passing off the aforementioned merchandise as that of the plaintiff to those who purchase.  The unauthorized sales of such bootleg merchandise is likely to create confusion and/or misunderstanding by the purchasers as to the source and sponsorship of such merchandise.

15.     The defendants are generally nomadic individuals without business premises or other connection with this locality and are expected to flee the area permanently once they have sold their spurious goods.

16.     The defendants will be selling their imitation merchandise without the permission or agreement of the plaintiff and have not obtained any license to manufacture, distribute or sell the same.

17.     Upon information and belief the defendants, and each of them, have been transacting and continue to transact business in this state and elsewhere in interstate commerce, and have been and continue to infringe the plaintiff's rights in the name and likenesses of members of the Group in this state and elsewhere in interstate commerce, and regularly have been and now do business and solicit business and derive substantial revenue from goods sold, used and consumed in this state including said merchandise which infringes plaintiff's rights as aforesaid, and elsewhere in interstate commerce.  The defendants, and each of them, expected or should have reasonably expected their acts including the aforementioned  acts and those set forth hereinbelow, to have consequence in this state.

18.     Upon information and belief the defendants, and each of them, have and at all times relevant to the acts set forth hereinabove had actual and

4

COMPLAINT

constructive knowledge of plaintiff's rights, but have proceeded in complete disregard thereof.

19. Based upon its experience in selling concert tour merchandise at similar concerts and performances, plaintiff expects that unless the defendants are restrained and enjoined from selling their imitation merchandise, the conduct of the various defendants will deprive plaintiff of a substantial portion of the income it expects to earn at the concerts referred to in paragraph 11 herein. Deprivation of that income will cause plaintiff to suffer a loss which is incalculable. Furthermore, the individual members of the group Rush will be deprived of royalties which they would otherwise receive from the sale of legitimate merchandise bearing their name and likenesses.

20. The said use of the name and likenesses of members of the group Rush by the defendants as aforesaid is a false description and representation that said goods are made by, sponsored by, or affiliated with plaintiff. Said acts are in violation of 15 U.S.C. 1125(a) in that defendants will be using in connection with goods or services a false designation or origin and a false description or representations, including words and other symbols tending to falsely describe or represent the same and will cause such goods to enter into or affect interstate commerce. Plaintiff believes that it is, and is likely to be, damaged by such false description and representation by reason of the likelihood that purchasers will be confused as to the true source, sponsorship or affiliation of said goods of defendants.

**AS AND FOR A SECOND COUNT**

**FOR UNFAIR COMPETITION BY**

**INFRINGEMENT OF COMMON**

**<u>LAW RIGHTS</u>**

21. Plaintiff hereby realleges, as if fully set forth, the allegations of paragraphs 5 through 20 herein.

5

COMPLAINT

22. The aforesaid acts of the defendants have been and will be committed willfully and with full knowledge of the rights of plaintiff and with the intention of deceiving and misleading the public and of wrongfully misappropriating and trading upon the nationally recognized value of the good will and reputation inhering in the RUSH name and of benefiting from and depriving plaintiff of the benefits arising from the reputation and goodwill of the plaintiff.

23. The defendants' said misappropriation and unfair competition will interfere with the plaintiff's rights and ability to exploit the commercial value of the RUSH name.

24. Defendants will receive substantial profits from their unauthorized use and misappropriation of the RUSH name, and defendants will become unjustly enriched thereby. The defendants' aforementioned willful and unauthorized misappropriation of the RUSH name and of the reputation and good will of the plaintiff will cause substantial and irreparable damage, injury and loss to the plaintiff and constitute unfair competition and an infringement of plaintiff's common law rights in the name RUSH.

<h3 style="text-align:center">AS AND FOR A THIRD COUNT FOR</h3>
<h3 style="text-align:center">MISAPPROPRIATION OF PLAINTIFF'S</h3>
<h3 style="text-align:center"><u>RIGHT OF PUBLICITY</u></h3>

25. Plaintiff hereby realleges, as if fully set forth, the allegations of paragraphs 5 through 24 herein.

26. Due to the investment of substantial money time and energy in advertising, publicizing and promoting the accomplishments and excellence of Rush it has developed and now possesses a separate right of publicity and such right has been assigned to plaintiff.

27. The said use of the said name and likenesses of members of the Group by the defendants constitutes a willful infringement of the plaintiff's separate right of publicity in and to such name and likeness.

6

COMPLAINT

## AS AND FOR A FOURTH COUNT

## FOR INTERFERENCE WITH

## <u>CONTRACTUAL RELATIONS</u>

28.    Plaintiff hereby realleges, as if fully set forth the allegations of paragraphs 5 through 27 herein.

29.    The unauthorized and unlawful activities of the defendants as described in paragraphs 12, 14, 16 and 17 will wrongfully impair the value of the contract referred to in paragraph 9 herein, as well as the arrangements between plaintiff and the concessionaires at the arenas at which the Group shall be performing, relating to the sale of merchandise bearing the name RUSH and likenesses of members of the group.

## <u>DAMAGE TO PLAINTIFF</u>

30.    By reason of the defendants' acts alleged herein, plaintiff is threatened to suffer damage to its business reputation and good will and the loss of sales and profits plaintiff would have made but for the defendant's acts.

31.    Unless the defendants' acts of misappropriation and unfair competition are immediately restrained and enjoined, the plaintiff will suffer irrevocable injury in that defendants' actions will:

(a)  lessen and dilute the value of the name RUSH;

(b)  interfere with plaintiff's ability to exploit, market, and license such rights;

(c)  create confusion in the marketplace as to the duly authorized source of such merchandise; and

(d)  deprive plaintiff of its just revenues based upon its legal exploitation of the RUSH name, as well as plaintiff's separate right of publicity.

32.    It will be impossible to ascertain the amount of compensation which

7

COMPLAINT

could afford plaintiff adequate relief for such threatened continuing acts, and a multiplicity of judicial proceedings would be required.  Plaintiff's remedy at law is not adequate to compensate them for injuries threatened.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays:

1.     That defendants, their agents, servants, employees, officers, attorneys, successors and assigns and all persons acting under the defendants or on their behalf, be enjoined pendente lite and permanently from:

(a)  manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products bearing the name RUSH or bearing the names or likenesses of members of the group Rush or any colorable variation thereof:

(b)  representing that any article of merchandise manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by the plaintiff or members of the group Rush;

2.     That this Court authorize and/or order the United States Marshal, Jules D. Zalon, William L. Buus, Patrick McLoughlin and all local and state police to seize and impound any and all imitation Rush merchandise which the defendants attempts to sell, distribute, advertise or hold for sale at, within or in the vicinity of the arenas at which the group shall be performing, before, during and after their said concerts.

3.     After a hearing on the merits, this Court issue a permanent injunction restraining the defendants from manufacturing, distributing, selling, offering for sale, holding for sale or advertising any merchandise described in paragraph 1 of this Prayer for Relief.

///

///

///

8

COMPLAINT

4.    That the plaintiff have such other and further relief as the Court deems to be reasonable, necessary and just.

Dated:       May 28, 2026             BUUS LAW GROUP APC


 */s/ William L. Buus*

By: William L. Buus
Counsel for Plaintiff
SHOWTECH MERCHANDISING, INC.

9

COMPLAINT