UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOWTECH MERCHANDISING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> VARIOUS JOHN DOES, JANE DOES and ABC COMPANY, <br><br> Defendants. | Case No.: 2:26-CV-05719 AB (SKx) <br><br> [~~PROPOSED~~] **PRELIMINARY AND PERMANENT INJUNCTION AND ORDER OF SEIZURE AND DISPOSITION** <br><br> **Deadline for Plaintiff to file Request for Entry and Proposed Judgment: April 30, 2027** |

Plaintiff having moved by Order to Show Cause for a preliminary injunction enjoining and restraining the defendants from manufacturing, selling and/or distributing merchandise bearing the name and trademark **Rush** and/or the names and likenesses of members of such group, and ordering the seizure and impounding of such articles; and service having been effected upon 20 such persons and 424 bootleg shirts having been seized or abandoned; and this action having come on for a hearing before the Court,

and Plaintiff's application for a preliminary injunction and a trial on the merits having been consolidated before The Honorable André Birotte Jr., United States District Judge, on June, 17 2026, at the United States Courthouse in Los Angeles, California, and William L. Buus having appeared on behalf of Plaintiff; and there having been no other appearances by any person served or otherwise;

1

Now, on presentation and consideration of Plaintiff's application for a permanent injunction and order of seizure and disposition, and the testimony and papers in support thereof and of the entire record in this case the Court finds:

Findings and Conclusions

1. By reason of the long, substantial and continuous use of the name **Rush** and extensive advertising associated therewith, the said name has acquired a meaning exclusively identified with the members of such group and with products and services associated with them;

2. The defendants above named, and those in active concert or participation with such defendants have infringed upon the **Rush** name and the rights of publicity of the members of such group and have as well committed acts of unfair competition against the Plaintiff herein by manufacturing, distributing, advertising, offering for sale or selling T-shirts and/or other merchandise bearing the name, logo and/or likenesses of the said group at or near the sites of their concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3. The said acts of the defendants, and those in active concert or participation with them, constitute a violation of 15 U.S.C. 1125(a) in that they:

a) involve goods or services;

b) are activities which affect interstate commerce;

c) are likely to cause confusion, mistake or deception in that the said goods falsely represent that such merchandise is made by, or is sponsored or approved by, or is otherwise associated with, **Rush** or the Plaintiff; and

d) the continued sale of such unauthorized merchandise will cause irreparable harm to the Plaintiff and the group **Rush** by lessening and diluting the value of the **Rush** name; by interfering with Plaintiff's ability to exploit, market, and license such rights throughout the course of the group's 2026 concert tour; and by creating confusion in the marketplace as to the duly authorized source of such

merchandise.

4.  Defendants, or those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court.

Based upon all of the foregoing, the Court now enters the following permanent injunctive order:

**Injunctive Order**

IT IS HEREBY ORDERED that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participating with said defendants are **permanently enjoined and restrained** from:

(1)  Using the name, logo and/or likenesses of the group **Rush** or any of its members in connection with the sale, offering for sale, distribution, or advertising of any clothing or other merchandise;

(2)  Manufacturing, distributing, selling, or holding for sale any clothing or other merchandise which carries or otherwise uses the name, logo and/or likenesses of the group **Rush** or any recognizable terms or logos associated with such group, or any colorable variation thereof; or

(3)  Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**Order to Seize Bootleg Merchandise**

IT IS FURTHER ORDERED that (a) the United States Marshal for this District (b) the United States Marshal for any Federal District in which Plaintiff seeks to enforce this order (upon Plaintiff's advancing such sum as is required to cover the fees and expenses of their services), and (c) security professionals engaged by Willaim L.Buus, Jules D. Zalon or Patrick McLoughlin are hereby directed, and (d) all local or state police and other law enforcement officers are

hereby authorized and requested, to seize and impound any and all unauthorized merchandise bearing the name, logo or likenesses of the group **Rush** or any of its members, or any recognizable terms associated with such group or performers, or any colorable variation thereof, which defendants attempt to sell or are holding for sale in the vicinity of any of the said group's concerts, or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including any carton, bag, container, vehicle, or other means of carriage in which the merchandise is transported or stored, and deliver the infringing merchandise to the care and custody of William L. Buus, Jules D. Zalon, Patrick McLoughlin, or their designee for destruction or other disposition.

**Merchandise Subject to Seizure**

All clothing, jewelry, photographs, posters and other merchandise bearing the name, logo or likenesses of the group **Rush** or any of its members, or any recognizable names, terms or logos associated with such group or performers, or any colorable variation thereof, sold or held for sale in the vicinity of the venues at which they shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be counterfeit merchandise subject to the seizure provisions of this order.

**Service of Papers**

IT IS FURTHER ORDERED that personal service of a copy of this order and the original summons and complaint be made upon the defendants or other persons enjoined hereby contemporaneously with the seizure authorized herein.

**Destruction Order**

IT IS FURTHER ORDERED that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff, who shall maintain

custody thereof until 30 days following the concert at which such merchandise was seized; thereafter such merchandise may be destroyed or otherwise disposed of.

**Preliminary Injunction to Become Permanent on April 20, 2027**

IT IS FURTHER ORDERED that from the date hereof until April 30, 2027, this order shall be deemed a preliminary injunction; it shall become permanent on April 30, 2027. The purpose of this provision is to give any person served hereunder sufficient time to enable them to obtain counsel and take such action as they may feel is warranted.

**Waiver of Objections to Venue**

IT IS FURTHER ORDERED, Plaintiff so consenting, that Plaintiff shall not raise an objection to venue, should any person seek to contest a seizure effected hereunder in a federal district court in which such seizure shall have occurred.

**Bond Continuation and Deadline to File Request for Entry of Judgment**

IT IS FURTHER ORDERED that **the bond in the amount of $5,000.00** heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby **is hereby continued until April 30, 2027, said bond to be exonerated after said date upon the permanent provisions of this order taking effect.**

**Plaintiff must file a Request for Entry of Permanent Injunction and Judgment and proposed Judgment by May 7, 2027.**

    **IT IS SO ORDERED.**

Dated: June 17, 2026

                                _____

                              HON. ANDRÉ BIROTTE JR.
                              UNITED STATES DISTRICT JUDGE